Ashburn, J.
Proceedings were commenced before the board of county commissioners under the act passed February 14, 1867 (S. & S. 677), authorizing county commissioners “ to purchase and make free any turnpike road . . within the limits of their county.” This act was supplemental to the act of April 5,1866, authorizing the improvement of roads upon the petition of a majority of the resident land-holders, etc., and “ on the conditions and by the procedure which are provided for the construction or improvement of roads in the act to which this is supplementary.”
The act of April 5, 1866, was amended from time to time, and these amendments, so far as applicable, apply to proceedings under the act of February 14, 1867. After the commissioners had purchased the “ Ashly and Delhi turnpike road,” they, on the 6th of March, 1873, at a regular session, found that “ public utility required the conversion of said road into a free l’oad,” and made the final order declaring the same “ a free public highway.” Their authority to make this final order was dependent upon the fact whether or not a “ majority of the resident land *255 holders of the county, whose lands are reported as benefited, and ought to be assessed, had subscribed a petition, and were at the time asking the commissioners to make the order.”
This jurisdictional fact is a disputed question in the pleadings of the parties as they appear on the record. The District Court found there was a majority of qualified land-holders then petitioning for the improvement, and that the said commissioners, at the time of the making of the order for the conversion of said turnpike road, and in declaring it free upon said facts aforesaid, had jurisdiction of the said matter, and had the power and authority in the premises to take such action and to convert said road and to declare it free, and entered up a final judgment, dismissing the plaintiff’s petition. A motion was made for a new trial. Motion overruled and exception taken. No bill of exceptions embodying the testimony was taken or asked on the overruling of the motion for a new trial.
Plaintiffs in error assign the following as the alleged errors appearing on the record of the District Court:
1. The court erred in finding as was by them found as shown by said record.
2. The court erred in making the order by them made as shown by said record.
3. The court erred in dismissing the petition and cross-petitions in said case.
4. The court erred in refusing to grant a new trial, as moved in said cause.
5. The .court erred in giving judgment for defendants herein, when it ought to have been given for plaintiffs herein.
6. The court erred in holding that the said commissioners, at the time of taking said orders by them, had jurisdiction and had power and authority to make said orders and declare said road free.
Two questions arise upon this record : •
I. Had the county commissioners, at the time they made *256 the alleged final order, jurisdiction over the subject matter ?
II. Where all the testimony heard in the trial court is, by agreement of parties, a statement of facts in writing by them, and without objection appears in full upon the record, should such testimony, upon the overruling by the court of a motion for a new trial, be embodied in and brought on the record again by a bill of exceptions for the purpose of having the case reviewed here ?
The agreed facts as it appears of record, and as recited in the findings of the court, reads :
“ It is agreed in this case that a majority of the landowners whose lands were assessed, signed the petition for the conversion of the said turnpike into a free road ; but it is further agreed that of the persons who had signed said petition, enough of them changed and signed remonstrances to the conversion of said road, so as to make a majoi’ity of the persons whose lands were assessed opposed to the conversion of the road at the time it was so converted by the commissioners, on the 8d day of March, a. d. 1873; or, in other words, if the commissioners, on the day when they converted said turnpike into a free road, had counted the persons who had changed from the petition to the remonstrance against the conversion and not in favor of it, there was a majority of the persons assessed opposed to such conversion.
[Signed,] “ Reid, Powell & Godman,
“Attorneys for Plaintiff and Defendants, other than Commissioners and Auditor.
“ Jones & Lytle, and J. Hipple,

“Attorneys for Auditor and Commissioners.”

These facts, as agreed upon, bring this case within the ruling of this court, as to the right and the effect of remonstrance by petitioners against the final order for the improvement, in the case of Hays et al. v. Jones et al., (ante, 218). There was, at the time the county commissioners made the alleged final order, a clear want of jurisdiction *257 over the subject-matter, and their action in relation thereto was and is a nullity.
On the second question, defendants claim “ the case is not properly here for the reason that no proper motion for a new trial was made.” The record does not show that a motion with reasons assigned was made in the ease, but it does recite that plaintiff's “ moved the court for a new trial of this cause, -which motion the court refused to allow, but did overrule the same.” Whereupon plaintiff- had his exception to the overruling of his motion for a new trial noted on the journal of the court.
The action was submitted to the trial court upon the agreed statement of facts above recited, and the court found, as the record declares, they were “the facts upon which this cause is submitted to the court, and no other testimony being offered on either side ” We have, then, before us all the testimony as agreed facts that was before the District Court, and by which we are to test the correctness of the judgment of that court.
The office of a bill of exceptions, taken to the judgment of a court in overruling a motion for a new trial 'on the facts, is to bring all the testimony before the reviewing court, offered to the court or jury on the trial. Where the parties agree upon all the facts that are to be used on the trial, and that agreed statement of facts goes into and forms part of the record in the case, and remains in the record as the agreed facts, and the trial court sends us word in their judgment that no further testimony was offered on either side, this court will not dismiss the case for want of a formal bill of exceptions embodying all the testimony. There appears to us no sound reason why a vain thing should be required.
As early as 1847, this question was considered by the Supreme Court. On page 288 (16 Ohio) the court remarks, “ The agreed statement was an agreement of what the evidence was on the litigated points of the case, from which the court had to find what were the true facts before they *258 could determine the law arising upon them. In this case all the facts were agreed upon. In this agreed statement the facts were admitted, leaving for the court nothing to find, and only the naked duty of declaring the law upon the given statement of admitted facts.”
The judgment of the District Court is erroneous in finding that the board of county commissioners had, at the time the final order was made, jurisdiction over the subject-matter thereof, and erred in overruling the motion for a new trial.
Judgment reversed at defendant’s costs, and remanded to the District Court of Delaware county.
Scott, Chief Judge, Day, Wright, and Johnson, JJ., concurred.